# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:23-MJ-453-RJC-SCR

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | **ORDER** |
| **CHIRAG TOMAR** | |

**THIS MATTER** is before the Court on the parties' "Joint Motion to Enlarge Charging Period Under Speedy Trial Act" (the "Joint Motion"). (Doc. No. 20).

On December 20, 2023, a criminal complaint was filed charging Defendant with wire fraud conspiracy in violation of 18 U.S.C. § 1349 and money laundering conspiracy in violation of 18 U.S.C. § 1956(h). (Doc. No. 3). Defendant was subsequently arrested and made an initial appearance in the United States District Court for the Northern District of Georgia, and thereafter made his initial appearance in this District. (Doc. No. 7). On January 10, 2024, the Court granted the Parties' first joint motion to enlarge the charging period, and extended the charging period to February 20, 2024. (Doc. No. 12).

The Parties have now filed the second Joint Motion requesting that the Court enlarge the charging period until the March 2024 session of the Grand Jury sitting in the Western District of North Carolina. (Doc. No. 20). According to the second Joint Motion, Parties are continuing to discuss the merits of the case, and the United States is in the process of gathering and sharing discovery with defense counsel, which "may be helpful in reaching a pre-indictment resolution in this case." Id. ¶ 5. The second Joint Motion also attached "Defendant's Speedy Trial and Indictment Waiver," which is signed by both Defendant and his counsel. (Doc. No. 20-1). Defendant's Speedy Trial and Indictment Waiver states, among other things, "that, with advice and consent of counsel, the undersigned Defendant knowingly and voluntarily waives the right to

both the constitutional and statutory right to a Speedy Trial, and to being charged by indictment and that the United States does not need to obtain an indictment against the Defendant until the March 2024 Charlotte grand jury proceedings." Id.

Pursuant to 18 U.S.C. § 3161(b), "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." The statute excludes the following from the time within which an indictment must be filed:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). In considering whether to grant a continuance under § 3161(h)(7)(A), the Court must consider, among others, the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the

defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

Here, the Government and Defendant have jointly requested the continuance noting that "[c]ounsel for the parties continue to discuss the merits of this case. The United States is in the process of gathering and sharing discovery with defense counsel. This sharing of information may be helpful in reaching a pre-indictment resolution in this case." (Doc. No. 20 ¶ 5). Defendant also made the decision to jointly request a second continuance of the indictment deadline "knowingly and voluntarily" and with the "advice and consent of counsel." (Doc. No. 20-1). Considering all of this, the Court finds that the stated reason for the Joint Motion would allow Defendant reasonable time for effective preparation and the ends of justice will be served by permitting further preparation and discussions concerning a pre-indictment resolution. For these reasons, there is cause for and the requested continuance is warranted.

Accordingly, based on the record, Joint Motion, and applicable authority, including but not limited to the factors in 18 U.S.C. § 3161(h)(7)(B), the Court finds and concludes pursuant to 18 U.S.C. § 3161(h)(7)(A) the ends of justice served by extending the deadline for the United States to file a bill of indictment or information outweigh the best interest of the public and Defendant in a speedy trial. The Court further concludes that this delay should be excluded from Speedy Trial Act computations. United States v. Keita, 742 F.3d 184, 188 (4th Cir. 2014) (excluding from thirty days the periods of two continuances granted by district court on joint request, where the continuances "specifically found that the on-going grand jury investigation and plea discussions warranted the continuances and that the resulting periods of delay served the ends of justice."); United States v. Stratford, 394 Fed. App'x 923, 925-927 (3d Cir. 2010) (finding order

granting continuance under 18 U.S.C. § 3161(h)(7)(A) was sufficient where defense counsel sought continuance to better understand the case and discuss how to best proceed pre-indictment and that ends of justice served by granting the continuance outweighed the best interest of the public and the defendant in a speedy trial and noting "[f]aced with a request for a continuance from both parties, the Magistrate Judge did just that."); United States v. Boone, No. 3:20-mj-043-DSC, 2020 WL 1164688 (W.D.N.C. Mar. 9, 2020) (granting joint motion to enlarge charging period under the Speedy Trial Act where then ends of justice were served).

**IT IS THEREFORE ORDERED** that the Joint Motion to Enlarge Charging Period Under Speedy Trial Act (Doc. No. 20) is **GRANTED**;

**IT IS FURTHER ORDERED** that the deadline for the Government to file a Bill of Indictment or Information in this matter shall be continued to and including until March 19, 2024.

**SO ORDERED**.

Signed: February 8, 2024

*[Signature]*
Susan C. Rodriguez
United States Magistrate Judge